IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA SALAS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now, State Farm Mutual Automobile Insurance Company ("State Farm"), Defendant in the above-styled and numbered cause, and files this Notice of Removal of the present action from the 270th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In connection with this Notice of Removal, State Farm would respectfully show unto the Court as follows:

### I. Introduction

1. This lawsuit began on or about January 5, 2016 when Plaintiff filed her Original Petition in Cause No. 2016-00375 in the 270th Judicial District Court of Harris County, Texas, styled *Maria Salas vs. Reuben Cuevas and State Farm Mutual Automobile Insurance Company*. The suit arises from an automobile accident that occurred on January 2, 2015 in Baytown, Harris County, Texas. The Plaintiff sought underinsured motorist benefits from State Farm. During the lawsuit, State Farm agreed to pay Plaintiff the underinsured motorist benefits. Because there was a Medicare lien asserted against the settlement proceeds, State Farm was not able to pay the money directly to the Plaintiff as Plaintiff demanded.

2. No agreement was reached between Medicare and the Plaintiff on how the settlement proceeds should be divided. On May 9, 2016, Plaintiff filed a First Amended Petition

1

alleging State Farm was a "primary plan" under 42 USC 1395y(b)(2) and asserting that State Farm failed to provide for primary payment in accordance with the Medicare Secondary Payer Act. Plaintiff seeks double damages herein in accordance with 42 USC 1395y(b)(3)(A).

## II.  Grounds for Removal

**A.** **Federal Question**

3. Title 28, Section 1331 of the United States Code confers upon federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Section 1331, which grants what is commonly referred to as federal question jurisdiction, is an all-purpose jurisdictional statute, available regardless of the defendant's identity and is not limited by any requirement that there be a minimum dollar amount in controversy.

4. As shown above, Plaintiff's amended petition filed May 9, 2016 asserted a new cause of action under federal law. This invokes the Federal Court's jurisdiction pursuant to 28 U.S.C. § 1331.

**B.** **Venue is Proper in This Division and in This District.**

5. Plaintiff filed this action in Harris County, Texas. The Houston Division of the Southern District of Texas encompasses Harris County, Texas. Thus, this district and division embrace the place where the state court action is pending. *See* 28 U.S.C. §1441(a).

## III.  Procedural Requirements for Removal

6. This Notice of Removal is filed within 30 days of the date on which Plaintiff's First Amended Petition asserting a violation of federal law was filed. Thus, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81 of the Southern District of Texas, this Notice of Removal is accompanied by the following documents:

Exhibit A:   Index of Documents Filed With Removal Action;

Exhibit B:   The state court docket sheet (a/k/a "Register of Actions"), all executed processes, all live pleadings asserting causes of action, all answers to such pleadings, and all orders signed by the state judge; and

Exhibit C:   A list of all counsel of record, including addresses, telephone numbers, and parties represented.

8. A copy of this Notice of Removal is being filed with the Harris County District Clerk's office promptly and served on Plaintiff. *See* 28 U.S.C. § 1446(d); *see also Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (Crone, J).

9. The filing fee has been paid to the Clerk.

## **IV. Prayer**

10. WHEREFORE, PREMISES CONSIDERED, Defendant prays that the above-styled action now pending in the 270th Judicial District Court of Harris County, Texas be removed to this Honorable Court pursuant to the Court's federal question jurisdiction.

11. This Notice of Removal is filed subject to and without waiver of any defenses or objections to Plaintiff's First Amended Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

          Respectfully Submitted,

          **GERMER PLLC**
          333 Clay Street, Suite 4950
          Houston, Texas 77002
          (713) 650-1313 – Telephone
          (713) 739-7420 – Telecopier

          By:    */s/ Barbara L. Hachenburg*
                **Barbara L. Hachenburg**
                Federal Bar No. 20036
                Texas Bar No. 08667070
                bhachenburg@germer.com

          **ATTORNEY IN CHARGE FOR**
          **DEFENDANT STATE FARM**
          **MUTUAL AUTOMOBILE**
          **INSURANCE COMPANY**

Of Counsel:

**Gregory M. Howard**
Texas Bar No. 24065749
Federal I.D. No. 1018825
Germer PLLC
333 Clay Street
Houston, Texas 77002
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
ghoward@germer.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 8th day of June, 2016.

    J. Kirkland Sammons
    Summer S. Bokhary
    Sammons & Berry P.C.
    4606 Cypress Creek Parkway, Suite 600
    Houston, TX 77069

          */s/ Barbara L. Hachenburg*
          **Barbara L. Hachenburg**