1/5/2016 1:51:48 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8459772
By: Ariana Garibay
Filed: 1/5/2016 1:51:48 PM

## 2016-00375 / Court: 270

NO. _____

| | | |
|---|---|---|
| MARIA SALAS | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| RUBEN CUEVAS and | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY | § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

### ORIGINAL PETITION
### (INCLUDING REQUESTS FOR DISCLOSURE)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff MARIA SALAS, complaining of Defendant, RUBEN CUEVAS, and Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and for cause of action would respectfully show unto this Court as follows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiff intends discovery in this case to be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3). Plaintiff requests that the Court enter a Level 3 Discovery Order setting forth: (i) a date for trial; (ii) a discovery period during which either all discovery must be conducted or all discovery requests must be served; and (iii) deadlines for designating expert witnesses.

# Exhibit B

- 1 -

## II.

## PARTIES

Plaintiff, MARIA SALAS, is an individual and resident of Harris County, Texas.

Defendant, RUBEN CUEVAS, is an individual residing at 1420 East James Street, Baytown, Texas 77520.  Defendant may also be served with process at that address or such other place where he may be found.

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM") is an insurance company organized and existing under the laws of the State of Illinois, but doing business in the State of Texas.  Defendant's principal office is located in the State of Illinois.  Defendant may be served with process by serving its registered agent, Margie Southard, 8900 Amberglen Blvd., Austin, Texas 78729-1110 or any other place Defendant may be found

## III.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to Article V, Section 8, of the Texas Constitution.  Venue is proper in Harris County, Texas because this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## IV.

## BACKGROUND

On or about January 2, 2015, Plaintiff MARIA SALAS was prudently operating her motor vehicle traveling westbound on Decker Drive and approaching the intersection at Wade Road in Harris County, Texas, when she was struck by a vehicle owned and operated by Defendant, RUBEN CUEVAS, who failed to yield the right of way to Plaintiff.  As a result of

the collision, Plaintiff sustained severe personal injuries and damages including, but not limited to, an odontoid fracture requiring her to wear a neck brace, a left hip fracture, displacement to her cervical spine, injury to her ribs, as well as other spinal injuries.

At all relevant times, Plaintiff was insured under a policy issued by Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, that provided underinsured motorist coverage.  At all relevant times, Defendant, RUBEN CUEVAS, was an underinsured motorist as defined in that policy.

## V.

## CAUSES OF ACTION

## COUNT 1:  NEGLIGENCE PER SE

The occurrence made the basis of this suit, and the resulting injuries and damages were proximately caused by Defendant, RUBEN CUEVAS, who violated Section 545.153 of the Texas Transportation Code, in approaching an intersection on a roadway controlled by a yield sign and failing to yield the right-of-way by driving past a yield sign without stopping and colliding with another vehicle.

## COUNT 2:  NEGLIGENCE

Additionally, and/or in the alternative, the occurrence made the basis of this suit, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendant, RUBEN CUEVAS, including, but not limited to, the following:

1.  In failing to yield the right-of-way;

2.  In failing to come to a complete stop at a stop sign;

3.  In failing to keep such a lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances;

- 3 -

4.  In failing to swerve or otherwise maneuver the vehicle so as to avoid the collision made the basis of this suit;  In failing to bring the vehicle which Defendant was driving to a stop, so as to avoid the collision made the basis of this suit;

5.  In failing to make a timely application of the brakes of the vehicle which Defendant was driving, so as to avoid the collision made the basis of this suit;

6.  In texting, web surfing, or using her cell phone in any other many while driving;

7.  In driving carelessly and failing to pay attention; and/or

8.  In otherwise operating the vehicle in an unsafe manner.

Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence which was a proximate cause of the injuries and damages which form a basis of this action.

## COUNT 3:  DECLARATORY JUDGMENT – UNDERINSURED COVERAGE

Additionally, and/or in the alternative, Plaintiff would respectfully show the Court that at all relevant times, Plaintiff was insured under a policy issued by Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, that provided underinsured motorist coverage.  At all relevant times, Defendant, RUBEN CUEVAS, was an underinsured motorist as defined in that policy.  Accordingly, pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, Plaintiff seeks judgement against Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY for the proceeds of that policy.

## VI.

## DAMAGES

As a result of the incident in question, Plaintiff MARIA SALAS has incurred personal injuries, mental anguish, lost wages, physical pain and suffering, medical expenses, and physical impairment.  Furthermore, Plaintiff will, in all reasonable likelihood, continue in the future to incur damages for mental anguish, lost earning capacity, physical pain and suffering, medical

- 4 -

expenses, and physical impairment.   Plaintiff seeks all legally recoverable damages, actual and special under Texas law, including costs of court, exemplary damages, and pre-judgment and post-judgment interest, if any.  Plaintiff's damages are well within the jurisdictional limits of this Court.

Plaintiff contends that the amount of monetary relief to which she is entitled should be left to the sole discretion of the jury, particularly in a case such as this which involves claims for unliquidated damages.  However, pursuant to the requirements of Texas Rule of Civil Procedure 47, Plaintiff hereby notifies the Court that at this time, Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000 and hereby demands all the other relief to which she may be reasonably entitled.

## VII.

## REQUEST FOR DISCLOSURE

Plaintiff requests that Defendants disclose, within 50 days of service, the information and items described in TEX. R. CIV. P.  194.2 (a) – (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant, RUBEN CUEVAS, be cited to appear and answer herein, that upon the trial of this case, Plaintiff has judgment against Defendant for all actual and special damages, exemplary damages, legally recoverable pre-judgment and post-judgment interest, all costs of court, and any other further relief to which Plaintiff may show themselves justly entitled.

Respectfully submitted,

**SAMMONS & BERRY, P.C.**

_____

J. KIRKLAND SAMMONS
Texas Bar No.: 50511552
SUMMER S. BOKHARY
Texas Bar No.: 24092154
4606 Cypress Creek Pkwy,
Suite 600
Houston, Texas 77069
Tel:  (713) 425-7200
Fax:  (713) 425-7210
**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Chris Daniel District Clerk

2/9/2016 1:47:29 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 9029585
By: PRINCE, SASHAGAYE S
Filed: 2/9/2016 1:47:29 PM

# 270th District Court of HARRIS County, Texas

201 CAROLINE, 13TH FL HOUSTON TX 77002

## CASE #: 201600375

**MARIA SALAS**

*Plaintiff*

**vs**

**RUBEN CUEVAS AND STATE FARM AUTOMOBILE INSURANCE COMPANY**

*Defendant*

### AFFIDAVIT OF SERVICE

I, FLOYD J BOUDREAUX, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to this action, nor interested in outcome of the suit.  That I received the documents stated below on 02/01/16 2:25 pm, instructing for same to be delivered upon State Farm Mutual Automobile Insurance Company By Delivery To TEXAS DEPT. OF INSURANCE BY DELIVERING TO.

| | |
|---|---|
| That I delivered to | : State Farm Mutual Automobile Insurance Company By Delivery To : TEXAS DEPT. OF INSURANCE BY DELIVERING TO. By Delivering to Tish : Wilhelm, Program Specialist |
| the following | : CITATION; ORIGINAL PETITION INCLUDING REQUESTS FOR DISCLOSURE |
| at this address | : 333 GUADALUPE ST : Austin, Travis County, TX 78701 |
| Manner of Delivery | : by PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : FEB 1, 2016 2:50 pm |

My name is FLOYD J BOUDREAUX, my date of birth is JAN 10th, 1943, and my address is Professional Civil Process Downtown, 2211 S. IH 35, Suite 203, Austin TX 78741, and U.S.A.  I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, State of Texas, on the _____ 2 _____ day of _____ FEB _____, 2016.

_____        _____
FLOYD J BOUDREAUX                                       Declarant
38

Texas Certification#: SCH-3506 Exp. 02/28/17

Private Process Server
Professional Civil Process Of Texas, Inc        PCP Inv#: Z16100143
103 Vista View Trail Spicewood TX 78669        SO  Inv#: A16103223
(512) 477-3500

AX02A16103223

tomcat

+ Service Fee: 190.00
Witness Fee:    .00
Mileage Fee:    .00

Sammons & Berry, P.C.

**RETURN TO CLIENT**

Uncertified Copy Office of Chris Daniel District Clerk

2/10/2016 3:05:49 PM
**Chris Daniel - District Clerk**
**Harris County**
Envelope No: 9056029
By: PRINCE, SASHAGAYE S
Filed: 2/10/2016 3:05:49 PM

# 270th District Court of HARRIS County, Texas

201 CAROLINE, 13TH FL HOUSTON TX 77002

## CASE #: 201600375

**MARIA SALAS**

*Plaintiff*
**vs**
**RUBEN CUEVAS AND STATE FARM AUTOMOBILE INSURANCE COMPANY**

*Defendant*

### AFFIDAVIT OF SERVICE

I, FRANK A BERRY JR, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents
stated below on 01/27/16 3:09 pm, instructing for same to be delivered upon Cuevas,
Ruben.

That I delivered to     : Cuevas, Ruben.

the following           : CITATION; ORIGINAL PETITION INCLUDING REQUESTS FOR DISCLOSURE

at this address         : 1420 East James St
                        : Baytown, Harris County, TX 77520

Manner of Delivery      : by PERSONALLY delivering the document(s) to the person above.

Delivered on            : FEB 8, 2016 7:57 pm

My name is FRANK A BERRY JR, my date of birth is DEC 16th, 1980, and my address is
Professional Civil Process Houston, 2626 South Loop West Ste 423, Houston TX 77054,
and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Harris County, State of Texas, on the ___9th___ day of
___February___, 20_16_.

_____              _____
                                       FRANK A BERRY JR          Declarant
                                       1990

                    Texas Certification#: SCH-199 Exp. 01/31/18

Private Process Server
Professional Civil Process Of Texas, Inc        PCP Inv#: H16100459
103 Vista View Trail Spicewood TX 78669         SO  Inv#: A16103222
(512) 477-3500

                        + Service Fee:  70.00
                          Witness Fee:    .00
AX02A16103222             Mileage Fee:    .00
tomcat                                          Sammons & Berry, P.C.
                                                        **RETURN TO CLIENT**

Unofficial Copy Office of Chris Daniel District Clerk

2/17/2016 9:38:10 AM
Chris Daniel - District Clerk Harris County
Envelope No. 9150549
By: Danielle Gutierrez
Filed: 2/17/2016 9:38:10 AM

Cause No. 2016-00375

| | | |
|---|---|---|
| MARIA SALAS | §§ | IN THE DISTRICT COURT |
| | §§ | |
| VS. | §§ | HARRIS COUNTY, TEXAS |
| | §§ | |
| RUBEN CUEVAS AND STATE FARM | | |
| MUTUAL AUTOMOBILE INSURANCE | | |
| COMPANY | | 270TH JUDICIAL DISTRICT |

**<u>DEFENDANT, RUBEN CUEVAS' ORIGINAL ANSWER</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ruben Cuevas, Defendant in the above-entitled and numbered cause, and files this his Original Answer, and would show unto the Court and jury the following:

I.

Defendant generally denies the allegations of Plaintiff and requests Plaintiff prove the allegations against Defendant by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

II.

The Plaintiff's right to recover medical expenses is limited by the provisions of Tex. Civ. Prac. and Rem. Code 41.0105. The amount Plaintiff was allegedly billed for the medical treatment claimed to have been received by Plaintiff for the post-accident medical treatment is in excess of the amounts actually paid or incurred. Thus recovery of medical or health care expenses incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

- 1 -

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing, for costs of Court and for such further relief, both special and general, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**Fanaff & Baldwin**

BY:

_____

LESLIE D. HENSLEY
TBN: 24012821
Mailing Address:
P.O. Box 258829
Oklahoma City, OK  73125-8829
Physical Address:
11200 Richmond Ave., Suite 250
Houston, TX 77082
(281) 496-3140 - Telephone
(855) 472-9294 - Facsimile
E-service: legaldocs@farmers.com

ATTORNEYS FOR DEFENDANT

<u>NOTICE</u>

"Employees of Farmers Insurance Exchange, a Member of the Farmers Insurance Group of Companies."

- 2 -

<u>CERTIFICATE OF SERVICE</u>

I certify that on the 17th day of February, 2016, a true and correct copy of the foregoing instrument was forwarded via certified mail, return receipt requested, and/or by hand delivery and/or by fax transmission and/or by regular mail, and/or by electronic service opposing counsel and to all other counsel of record of first-class regular mail.

J. Kirkland Sammons
Sammons & Berry, P.C.
4606 Cypress Creek Pkwy., Suite 600
Houston, Texas 77069

_____
LESLIE D. HENSLEY

Unofficial Copy Office of Chris Daniel District Clerk

3/3/2016 2:07:54 PM
**Chris Daniel - District Clerk**
**Harris County**
**Envelope No: 9420348**
**By: GUTIERREZ, DANIELLE**
**Filed: 3/3/2016 2:07:54 PM**

# 270th District Court of HARRIS County, Texas

201 CAROLINE, 13TH FL HOUSTON TX 77002

## CASE #: 201600375

**MARIA SALAS**

*Plaintiff*

**vs**

**RUBEN CUEVAS AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

*Defendant*

### AFFIDAVIT OF SERVICE

I, FLOYD J BOUDREAUX, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to this action, nor interested in outcome of the suit. That I received the documents stated below on 02/26/16 9:12 am, instructing for same to be delivered upon State Farm Mutual Automobile Insurance Company By Delivery To Corporation Service Company.

That I delivered to : State Farm Mutual Automobile Insurance Company By Delivery To
: Corporation Service Company By Delivering to Sue Vertrees,
: Customer Service

the following : CITATION; ORIGINAL PETITION INCLUDING REQUESTS FOR DISCLOSURE

at this address : 211 E 7th St Ste 620
: Austin, Travis County, TX 78701

Manner of Delivery : by PERSONALLY delivering the document(s) to the person above.

Delivered on : FEB 26, 2016 9:50 am

My name is FLOYD J BOUDREAUX, my date of birth is JAN 10th, 1943, and my address is Professional Civil Process Downtown, 2211 S. IH 35, Suite 203, Austin TX 78741, and U.S.A. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, State of Texas, on the _____26_____ day of _____FEB_____ 20_16_.

_____
FLOYD J BOUDREAUX                                           Declarant
381

Texas Certification#: SCH-3506 Exp. 02/28/17

Private Process Server
Professional Civil Process Of Texas, Inc          PCP Inv#: Z16200193
103 Vista View Trail Spicewood TX 78669           SO Inv#: A16204182
(512) 477-3500

AX02A16204182
tomcat

+ Service Fee:  70.00
  Witness Fee:    .00
  Mileage Fee:    .00
                                    Sammons & Berry, P.C.
                                         **RETURN TO CLIENT**

CAUSE NO.  201600375

RECEIPT NO.                    0.00      CIV
                 *********         TR # 73219255

PLAINTIFF: SALAS, MARIA
                 vs.
DEFENDANT: CUEVAS, RUBEN

In The   270th
Judicial District Court
of Harris County, Texas
270TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY BY SERVING
    C/O CORPORATION SERVICE COMPANY
    211 E  7TH STREET STE 620  AUSTIN  TX  78701
        Attached is a copy of ORIGINAL PETITION (INCLUDING REQUESTS FOR DISCLOSURE)

This instrument was filed on the 5th day of January, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 23rd day of February, 2016, under my hand and
seal of said Court.

Issued at request of:
SAMMONS, JOHN KIRKLAND
4606  CYPRESS CREEK PKWY SUITE
600
HOUSTON, TX  77069
Tel: (713) 425-7200
Bar No.: 50511552

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: PEREZ, ANITA IOJ//10316802

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the ____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____
_____ of _____County, Texas

_____
        Affiant

By _____
              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
              Notary Public

N.INT.CITR.P                    *73219255*

3/18/2016 2:23:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9681615
By: Danielle Gutierrez
Filed: 3/18/2016 2:23:28 PM

Cause No. 2016-00375

| | | |
|---|---|---|
| MARIA SALAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 270TH JUDICIAL DISTRICT |
| RUBEN CUEVAS AND STATE FARM | § | |
| MUTUAL AUTOMOBILE INSURANCE | § | |
| COMPANY | § | HARRIS COUNTY, TEXAS |

<u>Defendant's Original Answer and Notice of Appearance</u>

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby generally denies each and every allegation and cause of action alleged by Plaintiff and demands strict proof by Plaintiff thereof.

2.      The Defendant, having been served with process herein, appears generally and for all purposes.  The Defendant denies the allegations of damages and liability as stated in Plaintiff's Petition.  The law imposes on the party filing suit the burden of proof of said allegations by a preponderance of the evidence, and Defendant relies on that burden.  The insurance policy sued upon contains conditions and exclusions and by appearing herein, Defendant does not waive any of the terms and conditions of the policy, nor does it intend to waive the burden of proof on any fact question.  Defendant specifically reserves the right to file an Amended Answer, after discovery, as the facts and circumstances warrant.

3.      All conditions precedent to the obligations of performance under the policy of insurance in question, have not occurred.

4.      Plaintiff has not complied with the condition of the policy that requires Plaintiff to get a judicial determination that he is legally entitled to recover damages from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury.

5.       If Plaintiff alleges that they will suffer future injuries and damages, pre-judgement interest may not be assessed or recovered on an award of future damages.  See TEX. FIN. CODE ANN Sec. 304.1045 (Vernon Supp. 2004).

6.      If evidence indicates that the accident at issue was caused with intentional disregard of others, due to any gross negligence, intentional acts are not covered under Defendant's insurance policy.

7.      Any conditions which Plaintiff is currently complaining of, which are due to pre-existing conditions and/or subsequent injuries, are not conditions or injuries for which Defendant is legally responsible for in law.

8.      Defendant asserts "Limit of Liability" as an affirmative defense.  Defendant's liability is limited to the amount of uninsured/underinsured motorist coverage purchased by Plaintiff and reduced by any applicable reduction clauses or pro rata causes in said policy, including the offsets or credits to which Defendant is entitled.

9.      Defendant prays for an offset and/or credit in the amount of any benefits previously paid to and/or available to Plaintiff in regards to any personal injury protection benefits afforded under the terms of the conditions of the policies of insurance upon which suit is brought.

10.     Defendant prays for an offset and/or credit in the amount of any and all amounts of liability insurance applicable and/or available to Plaintiff as a result of the accident made the basis of this lawsuit, including, but not limited to Ruben Cuevas' $50,000.00 liability insurance policy applicable and/or available to Plaintiff as a result of the accident made the basis of this lawsuit.

11.     Defendant prays for an offset and/or credit for any other underinsured motorist insurance applicable and/or available to Plaintiff as a result of the accident made the basis of this lawsuit.

12.     To the extent Plaintiff's medical bills exceed the amount actually paid on Plaintiff's behalf, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code.  Thus, recovery of medical or health care expenses incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

<u>Notice of Appearance</u>

13.    All attorneys and staff of David Black & Associates are employees of the Corporate Law

Defendant State Farm Mutual Automobile Insurance Company respectfully requests that

Plaintiff take nothing, that Defendant recover costs, and that the Court grant other relief, both

general and special, to which Defendant is entitled.

Respectfully submitted,

David Black & Associates

Kandi A. McAdams
Texas Bar Number:  13317520
1221 Lamar, Suite 900
Houston, Texas 77010
Telephone:  (713) 437-8200
Facsimile:  1-855-460-3974
Email:  texs.law-dblackassoc@statefarm.com
Attorneys for Defendant
State Farm Mutual Automobile Insurance Company

<u>Certificate of Service</u>

I certify that a copy of this document was served pursuant to the Texas Rules of Civil
Procedure on all parties and/or their respective attorneys of record on March 18, 2016.

Kandi A. McAdams



## TEXAS DEPARTMENT OF INSURANCE

**General Counsel Division (113-2A)**
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

4/5/2016 11:33:21 AM
Chris Daniel - District Clerk Harris County
Envelope No. 9952615
By: SASHA PRINCE
Filed: 4/5/2016 11:33:21 AM

February 8, 2016

J. Kirkland Sammons
Sammons & Berry
4606 Cypress Creek Pkwy, Suite 600
Houston, Texas 77069

RE:   Cause No.: 2016-00375; styled *Maria Salas v Ruben Cuevas and State Farm Mutual Automobile Insurance Company;* in the 270th Judicial District Court, Harris County, Texas

Greetings:

On February 2, 2016, the enclosed documents were received in the office of the Commissioner of Insurance for service of process.  The documents received are being returned to your office for the reasons indicated below.

The Commissioner of Insurance is not the proper agent for service of process for **State Farm Mutual Automobile Insurance Company.**  Our records indicate this company can be served through its Attorney for Service, Corporation Service Company, at the address on the enclosed company profile.  Also, enclosed is the Attorney for Service Guidelines.

If you believe this company should be served through the Commissioner of Insurance pursuant to Chapter 804 of the Texas Insurance code, please inform me under what provision and provide an address for the company.

Refer to Chapter 804 of the Texas Insurance Code for service of process information.

If you have any questions, please call me.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
General Counsel Division
(512) 676-6543

Enclosures

c:  Harris County District Clerk
    *E-filed*

5/2/2016 4:34:00 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10414694
By: Danielle Gutierrez
Filed: 5/2/2016 4:34:00 PM

NO. 2016-00375

| | | |
|---|---|---|
| MARIA SALAS | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| RUBEN CUEVAS and | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY | § | |
| *Defendants*. | § | 270th JUDICIAL DISTRICT |

<u>NOTICE OF PARTIAL NONSUIT</u>
<u>(RUBEN CUEVAS)</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, MARIA SALAS, and hereby gives notice to this Court and to all parties to this suit that she is taking a nonsuit with prejudice of all her claims and causes of action against Defendant, RUBEN CUEVAS, effective immediately upon the filing of this Notice. This nonsuit does not alter or effect Plaintiff's claims against the remaining defendants to this case.

Respectfully submitted,

SAMMONS & BERRY, P.C.

J. KIRKLAND SAMMONS
Texas Bar No.: 50511552
SUMMER S. BOKHARY
Texas Bar No.: 24092154
4606 Cypress Creek Pkwy,
Suite 600
Houston, Texas 77069
Tel: (713) 425-7200
Fax: (713) 425-7210
**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of the Chris Daniel District Clerk

5/2/2016 4:34:00 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 10414694
By: GUTIERREZ, DANIELLE
Filed: 5/2/2016 4:34:00 PM

Pgs-1

4A

NO. 2016-00375

| MARIA SALAS | § | IN THE DISTRICT COURT OF |
|---|---|---|
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| RUBEN CUEVAS and | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY | § | |
| *Defendants.* | § | 270th JUDICIAL DISTRICT |

## ORDER ON PARTIAL NONSUIT
## (RUBEN CUEVAS)

A Notice of Nonsuit filed by Plaintiff, MARIA SALAS herein, was received by the Court. It appears to the Court and to all parties to this suit that Plaintiff is taking a nonsuit, with prejudice, of all claims and causes of action against Defendant, RUBEN CUEVAS.

IT IS, THEREFORE, ORDERED that all claims against Defendant, RUBEN CUEVAS, shall be and is hereby dismissed with prejudice, with costs of Court adjudged against the party incurring the same.

This nonsuit does not alter or effect Plaintiffs claims against the remaining defendants.

SIGNED this _____ day of _____, 2016.

Signed:
5/31/2016          *Brent Gamble*
JUDGE PRESIDING

5/9/2016 4:44:38 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10537006
By: Danielle Gutierrez
Filed: 5/9/2016 4:44:38 PM

NO. 2016-00375

| | | |
|---|---|---|
| MARIA SALAS | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| RUBEN CUEVAS and | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY | § | |
| *Defendants.* | § | 270th JUDICIAL DISTRICT |

**FIRST AMENDED PETITION
(INCLUDING REQUESTS FOR DISCLOSURE)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff MARIA SALAS, complaining of Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and for cause of action would respectfully show unto this Court as follows:

**I.**

**DISCOVERY CONTROL PLAN**

Plaintiff intends discovery in this case to be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3).  Plaintiff requests that the Court enter a Level 3 Discovery Order setting forth: (i) a date for trial; (ii) a discovery period during which either all discovery must be conducted or all discovery requests must be served; and (iii) deadlines for designating expert witnesses.

- 1 -

## II.

## PARTIES

Plaintiff, MARIA SALAS, is an individual and resident of Harris County, Texas.

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM") is an insurance company organized and existing under the laws of the State of Illinois, but doing business in the State of Texas.  Defendant STATE FARM has been previously served, has appeared and answered, and is properly before the Court.

## III.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to Article V, Section 8, of the Texas Constitution.  Venue is proper in Harris County, Texas because this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## IV.

## BACKGROUND

On or about January 2, 2015, Plaintiff MARIA SALAS was prudently operating her motor vehicle traveling westbound on Decker Drive and approaching the intersection at Wade Road in Harris County, Texas, when she was struck by a vehicle owned and operated by RUBEN CUEVAS, (hereinafter the "tortfeasor"), who failed to yield the right of way to Plaintiff.  As a result of the collision, Ms. Salas sustained severe personal injuries and damages including, but not limited to, an odontoid fracture requiring her to wear a neck brace, a left hip fracture, displacement to her cervical spine, injury to her ribs, as well as other injuries.  Ms. Salas incurred over $50,0000 in medical bills related to her treatment, a portion of which were paid under her Medicare.  The

claims against the tortfeasor were settled and resolved for $50,000, which amount represented the full limits of the tortfeasor's liability insurance policy (the "primary plan").

However, at the time of the collision, Ms. Salas was insured under an "underinsured motorist" policy issued by Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.   On or about February 15, 2016, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, notified Plaintiff that it was tendering its Underinsured Motorist benefits in the amount of $30,000.00.   However, to date, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has failed to issue payment to Plaintiff.

## V.

## CAUSES OF ACTION

**COUNT 1:  Violation of Texas Insurance Code Section 542.056 (Prompt Payment)**

Plaintiff would respectfully show the Court that Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, has violated Section 542.056 of the Texas Insurance Code by failing to pay Ms. Salas' claim for underinsured motorist coverage within five business days from the date the insurer provided notice that it would pay the claim.

**COUNT 2:  MEDICARE – PRIVATE CAUSE OF ACTION**

Additionally, and/or in the alternative, pursuant to 42 USC 1395y(b)(3)(A) Plaintiff hereby asserts a private cause of action for damages against Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.   In support, Plaintiff would show the Court that Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is a "primary plan" as defined under 42 USC 1395y(b)(2), which has failed to provide for primary payment in accordance with the Medicare Secondary Payer Act.

- 3 -

## VI.

## DAMAGES

As a result of the incident in question, Plaintiff MARIA SALAS has incurred personal injuries, mental anguish, lost wages, physical pain and suffering, medical expenses, and physical impairment. Furthermore, Plaintiff will, in all reasonable likelihood, continue in the future to incur damages for mental anguish, lost earning capacity, physical pain and suffering, medical expenses, and physical impairment. Plaintiff seeks all legally recoverable damages, actual and special under Texas law, including costs of court, exemplary damages, and pre-judgment and post-judgment interest, if any. Plaintiff also seeks double damages in accordance with 42 USC 1395y(b)(3)(A). Plaintiff's damages are well within the jurisdictional limits of this Court.

Plaintiff contends that the amount of monetary relief to which she is entitled should be left to the sole discretion of the jury, particularly in a case such as this which involves claims for unliquidated damages. However, pursuant to the requirements of Texas Rule of Civil Procedure 47, Plaintiff hereby notifies the Court that at this time, Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000 and hereby demands all the other relief to which she may be reasonably entitled.

## VII.

## REQUEST FOR DISCLOSURE

Plaintiff requests that Defendants disclose, within 50 days of service, the information and items described in TEX. R. CIV. P. 194.2 (a) – (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant, RUBEN CUEVAS, be cited to appear and answer herein, that upon the trial of this case, Plaintiff has

Unofficial Copy Office of Chris Daniel District Clerk

judgment against Defendant for all actual and special damages, exemplary damages, legally recoverable pre-judgment and post-judgment interest, all costs of court, and any other further relief to which Plaintiff may show themselves justly entitled.

Respectfully submitted,

SAMMONS & BERRY, P.C.

J. KIRKLAND SAMMONS
Texas Bar No.: 50511552
SUMMER S. BOKHARY
Texas Bar No.: 24092154
4606 Cypress Creek Pkwy,
Suite 600
Houston, Texas 77069
Tel:  (713) 425-7200
Fax:  (713) 425-7210
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was provided to all parties of record in accordance with the Texas Rules of Civil Procedure.

Ms. Kandi A McAdams
David Black & Associates
1221 Lamar, Suite 900
Houston, TX  77010
Attorneys for Defendant,
State Farm Mutual Automobile
Insurance Company

J. Kirkland Sammons

- 5 -

5/25/2016 3:20:29 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10824499
By: Danielle Gutierrez
Filed: 5/25/2016 3:20:29 PM

## CAUSE NO. 2016-00375

| | | |
|---|---|---|
| MARIA SALAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 270TH JUDICIAL DISTRICT |
| | § | |
| REUBEN CUEVAS AND STATE FARM | § | |
| MUTUAL AUTOMOBILE INSURANCE | § | |
| COMPANY | § | HARRIS COUNTY, TEXAS |

### MOTION TO WITHDRAW AND SUBSTITUTE ATTORNEY OF RECORD

COMES NOW Kandi McAdams, of David Black & Associates, attorney for Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), and respectfully represents to this Court that she wishes to withdraw as attorney of record for Defendant, State Farm Mutual Automobile Insurance Company, in the above-entitled and numbered cause of action; and that in her place will be substituted BARBARA L. HACHENBURG, of the law firm of GERMER PLLC, Three Allen Center, 333 Clay Street, Suite 4950, Houston, Texas 77002, (713) 650-1313 Telephone; (713) 739-7420 Facsimile; State Bar No. 08667070.

The Defendant has approved this substitution and this Motion is not sought for the purposes of delay, but only so that justice may be served.

WHEREFORE, PREMISES CONSIDERED, Defendant, State Farm Mutual Automobile Insurance Company, prays that the foregoing Motion for Substitution of Counsel be granted and sustained.

Respectfully submitted,

**DAVID BLACK & ASSOCIATES**

By: *Kandi McAdams / by permission*
**KANDI A. MCADAMS**
State Bar No. 13317520
Four Houston Center
1221 Lamar, Suite 900
Houston, Texas 77010
(713) 437-8200 Telephone
(713) 437-8250 Facsimile
texs.law-dblackassoc@statefarm.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I, Barbara Hachenburg, hereby certify that on May 24, 2016, my assistant spoke with J. Kirkland Sammons, counsel for Plaintiff, and he informed us he is unopposed to this motion.

_____
**BARBARA L. HACHENBURG**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel in accordance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on this 25 day of May, 2016.

_____
**BARBARA L. HACHENBURG**

5/25/2016 3:20:29 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10824499
By: Danielle Gutierrez
Filed: 5/25/2016 3:20:29 PM

## CAUSE NO. 2016-00375

| | | |
|---|---|---|
| **MARIA SALAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **270TH JUDICIAL DISTRICT** |
| | § | |
| **REUBEN CUEVAS AND STATE FARM** | § | |
| **MUTUAL AUTOMOBILE INSURANCE** | § | |
| **COMPANY** | § | **HARRIS COUNTY, TEXAS** |

### ORDER

CAME ON TO BE HEARD, the Motion to Withdraw and Substitute Attorney of Record for Defendant, State Farm Mutual Automobile Insurance Company, in the above-entitled and numbered cause, and the Court, having considered same, determined that the Motion should be granted.  It is therefore,

ORDERED, ADJUDGED AND DECREED that **BARBARA L. HACHENBURG** of the law firm of **GERMER PLLC** is substituted in place of Kandi McAdams as attorney of record for Defendant, State Farm Mutual Automobile Insurance Company, in the above-entitled and numbered cause.

SIGNED THIS _____ DAY OF _____, 2016.

_____
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

APPROVED AS TO FORM & SUBSTANCE:

**DAVID BLACK & ASSOCIATES**

By: *Kandi McAdams / by permission*

    **KANDI A. MCADAMS**
    State Bar No. 13317520
    Four Houston Center
    1221 Lamar, Suite 900
    Houston, Texas 77010
    (713) 437-8200 Telephone
    (713) 437-8250 Facsimile
    texs.law-dblackassoc@statefarm.com

**GERMER PLLC**

By:_____

    **BARBARA L. HACHENBURG**
    State Bar No. 08667070
    Three Allen Center
    333 Clay Street, Suite 4950
    Houston, Texas 77002
    (713) 650-1313 Telephone
    (713) 739-7420 Facsimile
    bhachenburg@germer.com

**ATTORNEY FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

Case No.  201600375

**DCORX**

IN THE DISTRICT COURT OF

SALAS, MARIA

\*
\*
\*
\*
\*

Pgs-6

vs.

HARRIS COUNTY, TEXAS

DCORX

CUEVAS, RUBEN

270th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **12/05/16**   **JOINDER**. All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION**. Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.
(a)   Experts for parties seeking affirmative relief.
(b)   All other experts.

3.   **STATUS CONFERENCE**. Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date. TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS**. The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
(a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
(b) **02/20/17**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6.   **DISCOVERY PERIOD ENDS**. All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS**. Must be heard by oral hearing or submission.
(a) **01/04/17**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **02/03/17**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)   Rule 166a(i) motions may not be heard before this date.

8.   **CHALLENGES TO EXPERT TESTIMONY**. All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **02/03/17**   **PLEADINGS**. All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.   Parties shall be prepared to discuss all aspects of trial with the court on this date. TIME:   Failure to appear will be grounds for dismissal for want of prosecution.

11. **03/06/17**   **TRIAL**. If not assigned by the second Friday following this date, the case will be reset.

SIGNED     Signed: 5/31/2016

*[signature]*

LESLIE D. HENSLEY
PO BOX 258829
OKLAHOMA CITY OK 73125-8829

11

24012821

BRENT GAMBLE
Judge, 270TH DISTRICT COURT
Date Generated 05/17/2016

JCVO02D
rev.10272014

## STANDING ORDER OF THE 270TH DISTRICT COURT
## REQUIRING ELECTRONIC FILING

After reviewing this file, the Court finds that this case is appropriate for electronic filing. Parties to this case are directed to file all papers allowed under the local rules, available at http://www.justex.net, electronically starting 45 days from the date of this order. If any party objects to this order, such objection should be set for hearing or submission within 30 days from the date of this order.

**Harris County Docket Sheet**

# 2016-00375

**COURT:**   270th

**FILED DATE:**  1/5/2016

**CASE TYPE:**  Motor Vehicle Accident



---

### SALAS, MARIA

**Attorney: SAMMONS, JOHN KIRKLAND**

### vs.

### CUEVAS, RUBEN

**Attorney: HENSLEY, LESLIE DIANE**

---

| Trial Settings | |
| --- | --- |
| **Date** | **Comment** |
| 3/6/2017 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
| --- | --- |
| **Date** | **Comment** |